## STATE v. PETER CAMERON.

(Decided March 29, 1898).

*Indictment for Rape—Appeal—Affirmance of Judgment —Record, Costs of—Neglect of Clerk of Superior Court.*

1. Where, on the trial of an indictment no testimony objected to by the defendant was admitted and none rejected which he offered, and there was no exception to the charge and no error appears in the record on appeal, the judgment below will be affirmed.

2. Where the Clerk of the Superior Court fails to send up as a part of the transcript the drawing and swearing in of the grand jury who found the indictment, he will not be allowed his costs for making and sending up the transcript of the record.

INDICTMENT for rape, alleged to have been committed upon one Lou Cole, tried before *McIver*, *J.*, and a jury at September Term, 1896, of CHATHAM Superior Court.

In the progress of the trial, George Cole, a witness for the State and the husband of the prosecutrix, was asked by the solicitor whether or not the prosecutrix, on her return home immediately after the rape was alleged to have been committed upon her, made complaint to him and told him what had occurred. The witness answered that she did. The solicitor then

inquired as to the nature of the complaint made. The prisoner objected to the question. After some discussion of the point the solicitor withdrew his question and no answer was made thereto by the witness.

The testimony of the State was contradicted by only one witness, and prisoner himself.

Tho prisoner's counsel asked for no special instruction, but at the conclusion of the testimony requested his Honor not to read over to the jury his notes of the testimony, with which request, the solicitor assenting, his Honor complied. His Honor however stated to the jury the substance of the testimony and the law of rape applicable, and explained the issue upon which the jury were to pass—stated the contentions of the State and the evidence bearing thereon and the law arising upon the same. He likewise stated the contentions of the prisoner and the evidence favorable to him and the law arising thereon and proceeded to charge the jury fully upon every aspect of the case, cautioning them that they should not convict the prisoner unless, upon the whole evidence, they were fully satisfied beyond a reasonable doubt of his guilt. There were no exceptions to the charge. Verdict of guilty. Motion for new trial overruled and prisoner excepted. Sentence of death was pronounced and prisoner appealed.

*Mr. Zeb V. Walser, Attorney General,* for the State.

*Messrs. Murchison & Calvert,* for defendant (appellant).

*Per Curiam*: The defendant's counsel and the solicitor of the 5th Judicial District having failed to agree upon a case on appeal, the case was made up by his Honor, *Judge McIver.* No testimony was received

against the objection of the defendant and none rejected which he offered in his own behalf. There was no exception to the charge to the jury. A new trial was moved for and the motion overruled. Judgment was pronounced and the defendant appealed therefrom. There is now no error appearing on the record and the judgment is therefore affirmed.

Because of the failure of the Clerk of the Superior Court to send up, in the first instance, as a part of the transcript of the record, the drawing and the swearing in of the grand jury who found the bill of indictment, the Clerk is not to be allowed his costs for the making and sending up the transcript of the record. The omission to send up that part of the record is too grave a matter to be passed over by this court without notice.

Affirmed.